UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE BOYD CONNOR,<br><br>Petitioner,<br><br>v.<br><br>U.S. DIST. COURT,<br><br>Respondent. | NO. CV 17-3054-DDP(AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (SUCCESSIVE PETITION) |

On April 24, 2017, Petitioner, a state inmate, filed a Petition for Writ of Habeas Corpus challenging his convictions in Los Angeles Superior Court Case No. BA209131 for murder, torture and arson. Because he previously challenged the same state court judgment in a habeas action that the Court dismissed with prejudice, and because he lacks Ninth Circuit authorization to file a successive petition, the Court lacks jurisdiction over the new petition.

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District.

In 2004, Petitioner filed a habeas petition in this court in *Connor v. Runnels,* No. CV 04-6866-DDP (FMO) ("*Connor I*"). He claimed that (1) he was deprived of post-arrest phone calls in violation of due process; (2) insufficient evidence supported the verdicts; and (3) the trial court erred in admitting evidence of his statements to police. (*See Connor I*, Dkt. No. 37 (R&R) at 6.)

On March 1, 2007, the Court accepted the Magistrate Judge's recommendation and entered Judgment dismissing *Connor I* with prejudice on the merits. (*See Connor I,* Dkt. Nos. 44-45.) The Court denied a certificate of appealability. (*Connor I,* Dkt. No. 48.) On November 2, 2007, the Ninth Circuit denied a certificate of appealabilty. (*Connor I* Dkt. No. 53.)

On May 17, 2010, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive petition. (*Connor I*, Dkt. No. 55.)

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Connor I*.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: June 13, 2017

_____
DEAN D. PREGERSON
United States District Judge